# COMPLAINT FORM
(for filers who are prisoners without lawyers)

IN THE UNITED STATES DISTRICT COURT
FOR THE Southern DISTRICT OF Indiana

(Full name of Defendant ~~plaintiff~~(s))

Sheriff John Layton; Major Goudy (male)
Major Baker (Female); Marion County
Board, Attorney Dan Thomas, Et. al

vs

(Full name of Plaintiff ~~defendant~~(s))

Ivy R Sisson, et al

FILED
03/15/2022
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Roger A.G. Sharpe, Clerk

Case Number:

1:22-cv-00514-JPH-MJD

(to be supplied by clerk of court)

A.  PARTIES

1.  Plaintiff is a citizen of __Indiana__, and is located at
    (State)

    __695 Justice Way, Indianapolis, Indiana  46203__
    (Address of prison or jail)

    (If more than one plaintiff is filing, use another piece of paper).

2.  Defendant __John Layton__
                                                                (Name)

Complaint - 1

is (if a person or private corporation) a citizen of ___Indiana___
(State, if known)

and (if a person) resides at ___UNKNOWN___
(Address, if known)

and (if the defendant harmed you while doing the defendant's job)

worked for ___Sheriff of Marion County, 695 Justice Way, 46203___
(Employer's name and address, if known)

(If you need to list more defendants, use another piece of paper.)

B.  STATEMENT OF CLAIM

On the space provided on the following pages, tell:
1. Who violated your rights;
2. What each defendant did;
3. When they did it;
4. Where it happened; and
5. Why they did it, if you know.

Marion County Sheriff John Layton has a constitutional and statutory responsibility for the conditions and practices of the Marion County Justice Center (MCJC), facility and defendant County Sheriff is responsible for maintaining the jail facility in conformity with constitutional requisities. Defendant County Sheriff is also the custodian of the MCJC facility by virtue of Ind. Statute and responsible for the neglect and omission of the duties of all deputy sheriffs and jailors, and charged with furnishing necessary bedding, clothing, medical aid, safety, and well being for all persons

detained in the MCJC facility. In addition, defendant County Sheriff is and was responsible for insuring that the deputy sheriff and jailors of the MCJC and sheriff's department are adequately trained, obey regulations of the MCJC/Sheriff's Department; the ordinances and laws of Marion County and the laws and Constitutions of the State of Indiana and the United States.

Plaintiff asserts that the Sheriff of Marion County Justice Center failure to adequate train officers has created risks of grave harm, injury and the possibility of death to pre-trial detainees. Plaintiff contends the continued possibility of threat or harm has caused undue physcological and mental stress outside the normal stress associated with confinement, SINCE Jan 27, 2022.

The MCJC is and has been staffed with ill-trained and untrained jailors. [Note: Some jailors were previous employed by CoreCivic Corp. a private owned company and had no regard for the safety of pre-trial detainees housed within it's facility.] Defendants Major Gowdy

[Con't on seperate papers]

complaint - 3 - (con't)

and Major Baker are directly involved in the "day to day" operations of the MCJC and in direct contact with deputy sheriff's/Jailors that run the MCJC as superiors to said subordinates.

Plaintiff asserts that the MCJC fails to provide adequate supplies to maintain a clean and healty environment for said pre-trial detainees. Plantiff has had one pair of underwear since arriving at MCJC on 1-27-22. There has been no availible cleaning towles/rags to wipe off tables, no availible cleaning supplies to disinfect/sanitize toilets and showers where on average of 60 pre-trial detainees are housed. It should also be noted that as superior officers, defendants Gowdy and Baker are responsible for training of sheriff deputy's/Jailors that work in the MCJC. Also directly involved and responsible for the safety of pre-trial detainees housed here in. [Note: The "cell blocks" or dorms located on the 2nd floor are equiped with state of the art cameras (4); (1) in rec area, and also an observation window.]

The Marion County Board is a body politic and corporate, duly organized and existing under the laws of the State of Indiana and the constitution of Indiana and the United States and pursuant to law is capable of being sued in this court. Defendant Sheriff John Layton is governed by said Marion County Board, and responsible for the policies, practices, and customs of the Sheriff Department/MCJC, as well as the hiring, training, supervision, control and discipline of it's deputies/jailors. Defendant Sheriff is also responsible for the operation, practices and totality of conditions of the MCJC facility. Marion County acts or fails to act through its policy-making officials, including, but not limited to it's County Board members, the Chairman of the County Board, members of the County Board Ad Hoc

(con't) 1-of-3

Complaint -3- (cont)

Building and Judicial and Law Enforcement Committees, the Sheriff of Marion County and the Superintendent/Majors of the MCJC, the acts and edicts of these policy-making officials represent also the policies, practices and customs of Marion County.

Plaintiff(s) further contend the MCJC/Marion County Sheriff's Department, the Marion County Board and defendant Sheriff Layton and jail (MCJC) Superintendent/Majors, have also failed to and refused to adequately appropriate the funds allotted for the upkeep, repair, and staffing (as well as training jailors) of the jail facility. The refusal to appropriate funds of said defendants to so act is and was in derogation of duty of Marion County to appropriate and provide necessary funds to keep MCJC facility in a safe and suitable condition. The failure by the defendants has and at present causes and results in subjecting the inmate population to injuries, suffering, grave risks of harm, and the possibility of death. [Note: Since 1/27/22 there has been several physical assaults of inmates that have resulted in severe injuries and have gone undetected until hours later, despite the cameras and observation window.] The lack of and deliberate deprivation of adequate clothing and cleaning supplies further place pretrial detainees at risk for infection such as staph/MRSA and Covid. Toilets have gone unrepaired for weeks when request have been submitted, causing plaintiff(s) to constantly smell urine and places plaintiffs in a unsanitary environment as well.

Defendant Dan Thomas an attorney employed by the Marion County Public Defenders Agency is currently defense counsel for the Plaintiff in unrelated criminal accusations,

(cont) 2-of-3

complaint-3-(cont)

is an officer of the court and bound by oath and affirmation to protect the rights of others, and also has a duty to notify the proper authorities when a crime has been committed. Plaintiff called said defendant several times and left voice messages pertaining to the alledged acts that were occurring at the MCJC. The defendant did nothing, said nothing, contacted no one. The Plaintiff contends that Dan Thomas had an obligation to say something; do something or at least offer some guidence to the Plaintiff. Rule 22. Oath of Attorneys clearly states that all attorneys that are admitted to Practice law in Indiana affirm that they will support the Constitution of the United States and the Constitution of the State of Indiana. (Filed grievance after no response.)

Plaintiff contends that defendant Dan Thomas' complete disreguard in regards to the atrocities that occured and are still occuring is tantamount to having a direct hand in the violation of Plaintiff's rights as a pretrial detainee.

Plaintiff states that he has exhausted every remedy availible; ie Grievances filed with no response. [Note: MCJC is a paperless facility; all grievances are filed on a Kiosk, the grievance numbers pertaining to this claim are: ①164875992; ②167634042, ③168401522

Plaintiff further contends that while the mere filing of this complaint will not correct or prevent the ongoing injustice, unless something is mandated by the Courts. Plaintiff lastly asserts that since 1/27/22 he has and still remains in the care and custody of the MCJC which is under control by the defendant Sheriff John Layton et al

(con't) 3-of-3

C. JURISDICTION

[✓] I am suing for a violation of federal law under 28 U.S.C. § 1331.
    OR

[ ] I am suing under state law. The state citizenship of the plaintiff(s) is (are) different from the state citizenship of every defendant, and the amount of money at stake in this case (not counting interest and costs) is $_____.

D. RELIEF WANTED

Describe what you want the court to do if you win your lawsuit. Examples may include an award of money or an order telling defendants to do something or stop doing something.

Plaintiff seeks monetary damages in the amount of 4.1 million dollars for emotional, pyscological, and mental distress. Plaintiff also seeks punitive damages and an injuctive relief to order the Defendants to immediately fully staff the MCJC or close the section(s) of the MCJC that are understaffed; and train the deputy's/Jailers that are untrained in accordance with Federal/State guidelines; and provide and allocate the appropriate funds to ensure MCJC pretrial detainees are provided with adequate clothing and cleaning supplies; and for the Defendants to ensure that pretrial detainees are afforded a safe environment, free from threat,

D. Relief Wanted - (con't)

the ability to have commissary items not extorted from them, the ability to call for help, if being threatened, before severe bodily harm is inflected, and the ability to have a trained Sheriff deputy/Jailor available.

1-of-1

E.  JURY DEMAND

[✓]  Jury Demand - I want a jury to hear my case

OR

[ ]  Court Trial – I want a judge to hear my case

Dated this 13th day of March 20 22.

Respectfully Submitted,

/s/ IRS

Signature of Plaintiff

882331   JID #

Plaintiff's Prisoner ID Number

Ivy R Sisson

695 Justice Way, Indianapolis, IN 46203

(Mailing Address of Plaintiff)

(If more than one plaintiff, use another piece of paper).

## REQUEST TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING THE FILING FEE

[✓]  I **DO** request that I be allowed to file this complaint without paying the filing fee. I have completed a request to proceed in the district court without prepaying the fee and attached it to the complaint.

[ ]  I **DO NOT** request that I be allowed to file this complaint without prepaying the filing fee under 28 U.S.C. § 1915, and I have included the full filing fee with this complaint.