UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IVY R. SISSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:22-cv-00514-JPH-MJD |
| | ) |
| GOWDY, | ) |
| BAKER, | ) |
| MARION COUNTY BOARD OF | ) |
| COMMISSIONERS, | ) |
| KERRY J. FORESTAL, | ) |
| | ) |
| Defendants. | ) |

**ORDER DENYING WITHOUT PREJUDICE MOTION
FOR ASSISTANCE WITH RECRUITING COUNSEL**

Plaintiff Ivy Sisson has filed a motion for assistance recruiting counsel. Dkt. 37. Litigants in federal civil cases do not have a constitutional or statutory right to court-appointed counsel. *Walker v. Price*, 900 F.3d 933, 938 (7th Cir. 2018). Instead, 28 U.S.C. § 1915(e)(1) gives courts the authority to "request" counsel. *Mallard v. United States District Court*, 490 U.S. 296, 300 (1989). As a practical matter, there are not enough lawyers willing and qualified to accept a pro bono assignment in every pro se case. *See Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014) ("Whether to recruit an attorney is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.").

"'When confronted with a request under § 1915(e)(1) for pro bono counsel, the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of

1

the case, does the plaintiff appear competent to litigate it himself?'" *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (quoting *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)). These two questions "must guide" the Court's determination whether to attempt to recruit counsel. *Id.* These questions require an individualized assessment of the plaintiff, the claims, and the stage of litigation. *See Pruitt*, 503 F.3d at 655-56. The Seventh Circuit has specifically declined to find a presumptive right to counsel in some categories of cases. *McCaa v Hamilton*, 893 F.3d 1027, 1037 (7th Cir. 2018) (Hamilton, J., concurring); *Walker*, 900 F.3d at 939.

The first question, whether litigants have made a reasonable attempt to secure private counsel on their own "is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." *Eagan*, 987 F.3d at 682; ; *see also Thomas v. Anderson*, 912 F.3d 971, 978 (7th Cir. 2019) (because plaintiff did not show that he tried to obtain counsel on his own or that he was precluded from doing so, the judge's denial of these requests was not an abuse of discretion). Plaintiff has contacted only one attorney with a request for representation. Dkt. 18 at 2. This is an insufficient sample from which to conclude that Plaintiff is not able to find counsel on his own. Plaintiff also states that, while incarcerated, he is limited to collect calls, which means that the party he is trying to call has to pay for any calls he might wish to make. *Id.* He also states that he does not have access to a directory for addresses to write attorneys. *Id.* He fails to explain, however, why he cannot pursue other avenues of finding potential attorneys, such a performing internet searches, which appears to be a possibility because, elsewhere in his motion, he mentions having two hours a day to access a tablet. *See id.* at 3. Accordingly, the Court finds that he has not made a reasonable effort to recruit counsel on his own before seeking the Court's assistance or that he has been effectively precluded from doing so. *See Thomas*, 912 F.3d at 978.

Even if Plaintiff could clear that first inquiry, however, "[t]he second inquiry requires consideration of both the factual and legal complexity of the plaintiff's claims and the competence of the plaintiff to litigate those claims himself." *Eagan*, 987 F.3d at 682 (citing *Pruitt*, 503 F.3d at 655). "Specifically, courts should consider 'whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself.'" *Id.* (quoting *Pruitt,* 503 F.3d at 655). "This assessment of the plaintiff's apparent competence extends beyond the trial stage of proceedings; it must include 'the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial.'" *Id.* (quoting *Pruitt,* 503 F.3d at 655).

In this case, Plaintiff pursues Fourteenth Amendment conditions-of-confinement claims based on events that have occurred during his incarceration at the Marion County Jail, including allegations that he was given only one pair for underwear for nearly two months, there were no available towels or rags to wipe down tables, there were no available cleaning supplies to sanitize the toilets or showers, the toilets have gone unrepaired for weeks, and several inmates have been assaulted because the facility is understaffed and existing staff are inadequately trained. Dkt. 19 (Screening Order).

Plaintiff reports that he can read and write English, has earned a GED, and has some vocational training. Dkt. 18 at 2. He states that he takes medication for hypertension and suffers from gender dysphoria but is not receiving hormone therapy. *Id.* at 3. He states that he receives only two hours of free time per day to access the tablet/kiosk. *Id.* He explains that he needs an attorney because he has no education in the law. *Id.* at 2. He states that another inmate helped him file his complaint, but that inmate is no longer at the Marion County Jail. *Id.* at 3. Finally, he explains that he needs counsel because he believes he has meritorious claims. *Id.* at 3–4.

The Court finds that Plaintiff is competent to litigate this action on his own at this stage of the proceedings. The Court recognizes that Plaintiff is not trained in the law and has limited ability to research legal claims. But this is true of nearly all inmates who file lawsuits, and, as stated above, there are simply not enough pro bono attorneys available to represent every inmate who might benefit from counsel's assistance. The Court also acknowledges that Plaintiff suffers from some medical conditions, including gender dysphoria for which he is not currently receiving hormone therapy. But Plaintiff does not explain how those conditions negatively impact his ability to litigate this case on his own. Plaintiff states that another inmate helped him file his complaint and is no longer available, but, since that time, Plaintiff has submitted multiple cogent filings that demonstrate his ability to communicate effectively with the Court about his claims. *See, e.g.*, dkt. 39 (reply in support of motion for emergency injunctive relief); dkt. 48 (response to motion to dismiss). Finally, the claims in this case are not particularly complex and are largely fact-based. This case is in its early stages, and Plaintiff will be able to conduct discovery to obtain additional information to support his claims.

For all of these reasons, the Court finds that Plaintiff is competent to litigate this case on his own at this stage of the proceedings. Accordingly, Plaintiff's motion for assistance recruiting counsel, dkt. [18], is **denied without prejudice**. The Court will remain alert to changes in circumstances that may warrant reconsideration of the motion, such as a settlement conference or trial.

**SO ORDERED.**

Date: 2/3/2023

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

IVY R. SISSON
MARION COUNTY JAIL
MARION COUNTY JAIL
ADC Mail Room
695 Justice Way
Indianapolis, IN 46203

Elise Bowling
Frost Brown Todd LLC
ebowling@fbtlaw.com

John P. Lowrey
City of Indianapolis
john.lowrey@indy.gov

Barry F. McGinley
Frost Brown Todd LLP
bmcginley@fbtlaw.com

Anthony W. Overholt
Frost Brown Todd LLP
aoverholt@fbtlaw.com

Mathew Rayman
OFFICE OF CORPORATION COUNSEL
mathew.rayman2@indy.gov