UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IVY R. SISSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:22-cv-00514-JPH-MJD |
| | ) |
| GOWDY, | ) |
| BAKER, | ) |
| MARION COUNTY BOARD OF | ) |
| COMMISSIONERS, | ) |
| KERRY J. FORESTAL, | ) |
| | ) |
| Defendants. | ) |

**ORDER DENYING MOTIONS FOR CLASS CERTIFICATION**

Plaintiff Ivy Sisson, a prisoner proceeding pro se, asks the Court to certify this civil rights suit as a class action and to appoint class counsel. Dkts. 37, 54. "One or more members of a class may sue . . . as representative parties on behalf of all members only if . . . the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). In addition, "a court that certifies a class must appoint class counsel." Fed. R. Civ. P. 23(g)(1).

Plaintiff's motion for class certification must be denied because, as a pro se litigant, he is not an adequate class representative, and there is no indication that he has tried to secure class counsel.[1] "[I]t is *generally* not an abuse of discretion for a district court to deny a motion for class certification on the ground that a pro se litigant is not an adequate class representative." *Howard v. Pollard*, 814 F.3d 476, 478 (7th Cir. 2015) (emphasis in original) (denying petition to appeal

---

[1] The Court recognizes that Plaintiff filed a motion for assistance with recruiting counsel and stated that he had contacted the ACLU about potential representation. Dkt. 18 at 2. That motion does not, however, indicate that he inquired about the ACLU serving as class counsel.

denial of motion for class certification in which district court denied motion for class certification because plaintiffs were proceeding pro se and, thus, not adequate class representatives).

And, because the Court has denied Plaintiff's motion for class certification, Rule 23(g) does not require appointment of class counsel. *See id.* Notably, "the purpose of Rule 23(g) is not to enable pro se plaintiffs to obtain court recruited counsel in conjunction with class certification; the purpose of the rule is to ensure that the *proposed* class counsel is adequate." *Id.* (rejecting argument that plaintiffs would have been adequate class representatives if district court had simply granted their motion for appointment of counsel under Rule 23(g)). As explained in the Court's Order denying Plaintiff's motion for assistance with recruiting counsel, Plaintiff has not shown that he has made reasonable efforts to obtain counsel on his own or that he has been effectively precluded from doing so. Thus, the Court cannot recruit counsel to represent him at this time.

Accordingly, Plaintiff's motions for class certification and appointment of class counsel, dkts. [37] and [54], are **denied**.

**SO ORDERED.**
Date: 2/14/2023

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

IVY R. SISSON
MARION COUNTY JAIL
MARION COUNTY JAIL
ADC Mail Room
695 Justice Way
Indianapolis, IN 46203

Elise Bowling
Frost Brown Todd LLC
ebowling@fbtlaw.com

John P. Lowrey
City of Indianapolis
john.lowrey@indy.gov

Barry F. McGinley
Frost Brown Todd LLP
bmcginley@fbtlaw.com

Anthony W. Overholt
Frost Brown Todd LLP
aoverholt@fbtlaw.com

Mathew Rayman
OFFICE OF CORPORATION COUNSEL
mathew.rayman2@indy.gov