UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | | |
|---|---|---|---|
| IVY R. SISSON, | | ) | |
| | | ) | |
| | Plaintiff, | ) | |
| | | ) | |
| | v. | ) | No. 1:22-cv-00514-JPH-MJD |
| | | ) | |
| GOWDY, | | ) | |
| BAKER, | | ) | |
| MARION COUNTY BOARD OF | | ) | |
| COMMISSIONERS, | | ) | |
| KERRY J. FORESTAL, | | ) | |
| | | ) | |
| | Defendants. | ) | |

**Order Granting Motion to Dismiss**

After screening, Plaintiff Ivy Sisson was allowed to proceed with a claim for damages and injunctive relief against Defendant Marion County Board of Commissioners ("Board") based on allegations that it failed to allocate adequate funds for the upkeep, repair, and staffing of the Marion County Jail, thereby violating Mr. Sisson's right to be free from unlawful conditions of confinement. Dkt. 19 at 4. The Board has moved to dismiss the claim against it under Federal Rule of Civil Procedure 12(b)(6), arguing that it is not a proper defendant in this action. Dkt. 46.  For the reasons stated below, the Board's motion to dismiss is **granted**.

### I.    Legal Standard

Defendants may move under Federal Rule of Civil Procedure 12(b)(6) to dismiss claims for "failure to state a claim upon which relief may be granted." To survive a Rule 12(b)(6) motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A facially plausible claim is one that allows "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

1

*Id.* When ruling on a 12(b)(6) motion, the Court will "accept the well-pleaded facts in the complaint as true," but will not defer to "legal conclusions and conclusory allegations merely reciting the elements of the claim." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011). *Pro se* complaints are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

## II.      Discussion

In his complaint, Mr. Sisson alleged that the Board failed to allocate adequate funds for the upkeep, repair, and staffing of the Jail, in derogation of a duty to do so. Dkt. 1 at 5. Based on that allegation, the Court allowed him to proceed with a claim that the Board violated his right to be free of unconstitutional conditions of confinement. Dkt. 19 at 4.

The Board contends that Mr. Sisson fails to state a claim against it because, under Indiana law, it is not responsible for funding the Jail and, thus, is not a proper defendant in this action. Dkt. 47. In response, Mr. Sisson argues that his claim should survive because the Court found that he stated a claim against the Board at screening and because the Board is misinterpreting Indiana law. Dkt. 48.

Under Title 36, Article 2, Chapter 2 of the Indiana Code, a county's board of commissioners "is the county executive." Ind. Code § 36-2-2-2. And the executive "shall establish and maintain a . . . county jail." *Id.* § 36-2-2-24(a). Thus, in many Indiana counties, the board of commissioners is responsible for establishing and maintaining the county jail.

Title 36, Article 2, Chapter 2, however, also states, "Except as specifically provided, this chapter does not apply to a county having a consolidated city." *Id.* § 36-2-2-1. The City of Indianapolis, in Marion County, is such a consolidated city and is governed by Article 3 of Title 36, which is titled "Government of Indianapolis and Marion County (UNIGOV)." For a

consolidated city like Indianapolis, the mayor is the county executive, not the county's board of commissioners. *See* Ind. Code § 36-1-2-5(2) (as used throughout Title 36, "executive" means the "mayor of the consolidated city, for a county having a consolidated city"); Ind. Code § 36-3-1-5(a) ("When a first class city becomes a consolidated city, the officers who become the executive and legislative body of the consolidated city under section 4(c) of this chapter also become the executive and legislative body of the county."); Ind. Code § 36-3-3-2(a) ("A mayor, who is the executive of both the consolidated city and the county, shall be elected . . . by the voters of the whole county.").

> As explained by the Indiana Court of Appeals:
>
> More importantly, the mayor of the consolidated city serves as the executive of both the city and the county . . . . Because the mayor serves as the executive of both the city and the county, the county board of commissioners no longer serves as the executive. The board of commissioners does still exist, but with the county treasurer, county auditor, and county assessor as ex officio members. Their duties are to make appointments required to be made by the board of commissioners, perform statutory duties pertaining to the issuance and payment of bonds, and exercise the powers granted by Article 9, Section 3 of the Indiana Constitution[1] and by Indiana Code 12-30-3.[2]

*Scott v. Consolidated City of Indianapolis*, 833 N.E.2d 1094, 1100 (Ind. Ct. App. 2005) (internal citations omitted); *see also* Ind. Code § 36-3-3-10 (defining duties of board of commissioners in a county with a consolidated city). In short, the Board is not the county executive of Marion County, and it is not required by statute to establish and maintain the Marion County Jail.

Mr. Sisson resists this conclusion, relying on the fact that the Court allowed his claim against the Board to survive screening. Dkt. 48 at 1. True, the Court allowed the claim to proceed

---

[1] Article 9, Section 3 of the Indiana Constitution allows counties to provide asylum farms. Ind. Const. Art. 9, § 3.

[2] Title 12, Article 30, Chapter 3 of the Indiana Code allows the boards of commissioners in certain counties to establish county homes for the aged, blind, destitute, homeless, infirm or chronically ill, or those needing nursing or convalescent care. Ind. Code § 12-30-3-2.

3

at screening based in part on cases discussing the duties of county boards of commissioners. Dkt. 19 at 4–5.  But the Board has now come forward with argument establishing that those cases are not applicable because they involved counties that do not have a consolidated city—that is, they did not involve Marion County.

Mr. Sisson also contends that Indiana Code § 36-3-3-2(a) is ambiguous and asks the Court to review the legislative intent of the statute. Dkt. 48 at 2. But Mr. Sisson fails to explain what is ambiguous about this statutory provision, which states, "A mayor, who is the executive of both the consolidated city and the county, shall be elected under IC 3-10-6 by the voters of the whole county." Ind. Code § 36-3-3-2(a). And the Court finds no ambiguity in the statutory language.

In his complaint, Mr. Sisson alleged that the Board failed to appropriate adequate funds for the Jail, in derogation of its duty to do so. Dkt. 1 at 5. But the Court is not required to accept this conclusion of law as true for purposes of the Board's motion to dismiss. *McCauley*, 671 F.3d at 616. As explained, as a matter of law, the Board has no duty to establish or maintain the Jail. Accordingly, Mr. Sisson's claims against the Board are **dismissed for failure to state a claim upon which relief may be granted**.

### III.    Conclusion

For the reasons stated above, the Board's motion to dismiss, dkt. [46], is **granted**, and Mr. Sisson's claims against the Board are **dismissed with prejudice**. Because claims remain pending against other parties, final judgment will not enter at this time.

The **clerk is directed** to terminate the Marion County Board of Commissioners as a defendant on the docket.

**SO ORDERED.**

Date: 3/17/2023

*James Patrick Hanlon*

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

IVY R. SISSON
2124273-3C
MARION COUNTY JAIL
MARION COUNTY JAIL
ADC Mail Room
695 Justice Way
Indianapolis, IN 46203

Elise Bowling
Frost Brown Todd LLP
ebowling@fbtlaw.com

John P. Lowrey
City of Indianapolis
john.lowrey@indy.gov

Barry F. McGinley
Frost Brown Todd LLP
bmcginley@fbtlaw.com

Anthony W. Overholt
Frost Brown Todd LLP
aoverholt@fbtlaw.com

Mathew Rayman
OFFICE OF CORPORATION COUNSEL
mathew.rayman2@indy.gov