UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IVY R. SISSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:22-cv-00514-JPH-MJD |
| | ) |
| GOWDY, | ) |
| BAKER, | ) |
| KERRY J. FORESTAL, | ) |
| | ) |
| Defendants. | ) |

**Order Granting in Part and Denying in Part Motion for Declaratory Judgment**

In this case, Plaintiff Ivy Sisson alleges that the conditions of confinement at the Marion County Jail violate his constitutional rights. Dkt. 19 (Screening Order). In his complaint, he sought damages and injunctive relief. Dkt. 1. He has now filed a motion titled "Motion for Declaratory Judgment." Dkt. 86. In the motion, Mr. Sisson asks the Court to enter a declaratory judgment under Federal Rule of Civil Procedure 57. *Id.* Alternatively, Mr. Sisson asks the Court to set this matter for trial as soon as possible. *Id.* Mr. Sisson explains that Defendants have not addressed any concerns set forth in his complaint and claims that they are just prolonging the case in hopes that he will be sent to prison or abandon the litigation. *Id.*

Mr. Sisson's motion, dkt. [86], is **granted** to the extent that the Court will set this case for trial if appropriate after discovery and resolution of any dispositive motions. It is **denied** to the extent that Mr. Sisson asks for an immediate trial so that standard pretrial matters, e.g., discovery and dispositive motions, may be conducted as contemplated by the Federal Rules of Civil Procedure and the Local Rules for the S.D. Ind.

Mr. Sisson's request for a "speedy hearing" on his request for declaratory relief is also **denied**. While Federal Rule of Civil Procedure 57 provides that a court "may order a speedy hearing of a declaratory-judgment action," the Court declines to do so in this case. First, "[a] party may not make a *motion* for declaratory relief, but rather, the party must bring an *action* for a declaratory judgment." *Kam-Ko Bio-Parm Trading Co., Ltd. v. Mayne Pharma (USA Inc.)*, 560 F.3d 935, 943 (9th Cir. 2009) (emphasis in original). Mr. Sisson did not seek declaratory relief in his complaint, so this is not a declaratory-judgment action. Dkt. 1.

Second, even if Mr. Sisson's motion could be construed as motion to amend his complaint to add a prayer for declaratory relief, the Court would decline to grant it. Mr. Sisson has failed to specify the contents of the declaratory judgment he seeks, so he has not stated an actionable claim for declaratory relief. Notes of Advisory Committee on Federal Rules of Civil Procedure, Rule 57 ("The demand for relief shall state with precision the declaratory judgment relief."); *Centrifugal Acquisition Corp. v. Moon*, No. 09-C-327, 2010 WL 152074, at *1 (N.D. Ind. Jan. 14, 2010) (denying motion for declaratory relief in part because plaintiff did not include demand for declaratory relief in pleadings).

Third, the Federal Rules of Civil Procedure apply to an action for declaratory relief as much as they apply to any other action. *See* Fed. R. Civ. P. 57 ("These rules govern the procedure for obtaining a declaratory judgment under 28 U.S.C. § 2201."). That is, the "speedy hearing" provision of Rule 57 is not a shortcut to skip discovery and dispositive motions by proceeding straight to the functional equivalent of a trial.

Finally, "[w]hile the existence of another adequate remedy does not preclude a declaratory judgment that is otherwise appropriate," Fed. R. Civ. P. 57, such relief is inappropriate when "more effective relief can and should be obtained by another procedure," *Cunningham Bros., Inc. v. Bail*,

407 F.2d 1165, 1168 (7th Cir. 1969) (cleaned up). Mr. Sisson's motion makes plain that he is asking for a speedy hearing on his request for declaratory relief because he wants Defendants to change the conditions of confinement addressed in his complaint. The proper way to obtain such relief short of trial is by way of preliminary injunction. But the Court has already denied Mr. Sisson's motion for preliminary injunction without prejudice because he failed to show a likelihood of success on the merits. Dkt. 49.

Accordingly, Mr. Sisson's motion for declaratory relief, dkt. [86], is **granted in part and denied in part** as set forth above.

**SO ORDERED.**

Date: 4/17/2023

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

IVY R. SISSON
2124273-3C
MARION COUNTY JAIL
MARION COUNTY JAIL
ADC Mail Room
695 Justice Way
Indianapolis, IN 46203

Elise Bowling
Frost Brown Todd LLP
ebowling@fbtlaw.com

John P. Lowrey
City of Indianapolis
john.lowrey@indy.gov

Barry F. McGinley
Frost Brown Todd LLP
bmcginley@fbtlaw.com

Anthony W. Overholt
Frost Brown Todd LLP
aoverholt@fbtlaw.com

Mathew Rayman
OFFICE OF CORPORATION COUNSEL
mathew.rayman2@indy.gov