UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IVY R. SISSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:22-cv-00514-JPH-MJD |
| ) | |
| GOWDY, ) | |
| BAKER, ) | |
| MARION COUNTY BOARD OF ) | |
| COMMISSIONERS, ) | |
| KERRY J. FORESTAL, ) | |
| ) | |
| Defendants. ) | |

**ORDER DENYING WITHOUT PREJUDICE RENEWED MOTION
FOR ASSISTANCE WITH RECRUITING COUNSEL**

Plaintiff Ivy Sisson has filed a renewed motion for assistance recruiting counsel. Dkt. 72. Litigants in federal civil cases do not have a constitutional or statutory right to court-appointed counsel. *Walker v. Price*, 900 F.3d 933, 938 (7th Cir. 2018). Instead, 28 U.S.C. § 1915(e)(1) gives courts the authority to "request" counsel. *Mallard v. United States District Court*, 490 U.S. 296, 300 (1989). As a practical matter, there are not enough lawyers willing and qualified to accept a pro bono assignment in every *pro se* case. *See Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014) ("Whether to recruit an attorney is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.").

1

"'When confronted with a request under § 1915(e)(1) for pro bono counsel, the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (quoting *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)). These two questions "must guide" the Court's determination whether to attempt to recruit counsel. *Id.* These questions require an individualized assessment of the plaintiff, the claims, and the stage of litigation. *See Pruitt*, 503 F.3d at 655-56. The Seventh Circuit has specifically declined to find a presumptive right to counsel in some categories of cases. *McCaa v Hamilton*, 893 F.3d 1027, 1037 (7th Cir. 2018) (Hamilton, J., concurring); *Walker*, 900 F.3d at 939.

The first question, whether litigants have made a reasonable attempt to secure private counsel on their own "is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." *Eagan*, 987 F.3d at 682; ; *see also Thomas v. Anderson*, 912 F.3d 971, 978 (7th Cir. 2019) (because plaintiff did not show that he tried to obtain counsel on his own or that he was precluded from doing so, the judge's denial of these requests was not an abuse of discretion). Plaintiff previously moved for the appointment of counsel, and the Court denied the motion in part because Plaintiff had not shown that he had made a reasonable attempt to recruit counsel on his own or shown that he had been effectively precluded from doing so. Dkt. 67. Plaintiff has now submitted evidence showing that he has contacted multiple attorneys, dkt. 72-1, thereby

showing that he has made a reasonable effort to recruit counsel on his own. Plaintiff is encouraged to continue his efforts to find counsel.

That conclusion does not end the Court's analysis. Instead, "[t]he second inquiry requires consideration of both the factual and legal complexity of the plaintiff's claims and the competence of the plaintiff to litigate those claims himself." *Eagan*, 987 F.3d at 682 (citing *Pruitt*, 503 F.3d at 655). "Specifically, courts should consider 'whether the difficulty of the case—factually and legally— exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself.'" *Id.* (quoting *Pruitt*, 503 F.3d at 655). "This assessment of the plaintiff's apparent competence extends beyond the trial stage of proceedings; it must include 'the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial.'" *Id.* (quoting *Pruitt*, 503 F.3d at 655).

When the Court denied Plaintiff's previous motion for appointment of counsel, it concluded that Plaintiff was competent to litigate this case on his own at this stage of the proceedings, discussing his personal characteristics and the case in detail. Dkt. 67. Only two material facts have changed since the Court denied that motion—the Court granted the Marion County Board of Commissioner's motion to dismiss, dkt. 87, and denied Plaintiff's motion for class certification, dkt. 69.[1] Those developments actually narrowed the scope of

---

[1] The Court also issued a pretrial scheduling order, which will pave the way for discovery to open, dkt. 94, but that development is not material because the Court recognized in its Order denying Plaintiff's previous motion for counsel that he could pursue discovery to support his claims. Plaintiff also has not provided the Court with any updated information suggesting that he is not competent to conduct discovery on his own.

3

the case, and Plaintiff's renewed motion does not provide any new information that would undermine the Court's previous conclusion that he is competent to litigate this case on his own at this juncture. Instead, he states that he is a 56-year-old who suffers from severe hypertension, is not educated in the law, is indigent and cannot afford to hire a lawyer, and is at a disadvantage because the defendants have attorneys. Dkt. 72. He also states generally that "the factual and legal difficulties combined with the complexity of said litigation is beyond his knowledge or capacity." *Id.*

The Court addressed these arguments in its Order denying his previous motion for counsel. Dkt. 67. To reiterate, the Court recognizes that Plaintiff suffers from certain medical conditions (including hypertension), but he has not explained how they negatively impact his ability to litigate this case on his own. The Court also understands that Plaintiff is not educated in the law and that the defendants have attorneys, but that is true of nearly all *pro se* litigants, and there simply are not enough pro bono attorneys available to represent everyone who might benefit from representation. The Court also stands by its previous assessment of this case—the claims are relatively simple and fact-based, particularly now that the Marion County Board of Commissioners has been eliminated as a defendant and Plaintiff's motion for class certification has been denied. Moreover, as stated in its previous Order, Plaintiff's multiple filings in this case show that he is able to communicate with the Court and the defendants about the factual and legal bases of his claims. Finally, this case is in the discovery phase. Defendants will be required to provide Plaintiff with a significant

amount of relevant information with their initial disclosures, *see* dkt. 94, and Plaintiff can request more information by serving them with interrogatories and requests for production of documents.

For all of these reasons, the Court finds that Plaintiff is competent to litigate this case on his own at this stage of the proceedings. Accordingly, Plaintiff's renewed motion for assistance recruiting counsel, dkt. [72], is **denied without prejudice**. The Court will remain alert to changes in circumstances that may warrant reconsideration of the motion, such as a settlement conference or trial.

**SO ORDERED.**

Date: 7/12/2023

                                              *James Patrick Hanlon*
                                              James Patrick Hanlon
                                              United States District Judge
                                              Southern District of Indiana

Distribution:

IVY R. SISSON
2124273-3C
MARION COUNTY JAIL
MARION COUNTY JAIL
ADC Mail Room
695 Justice Way
Indianapolis, IN 46203

Rebecca L. Loeffler
Frost Brown Todd LLC
rloeffler@fbtlaw.com

John P. Lowrey
City of Indianapolis
john.lowrey@indy.gov

Barry F. McGinley
Frost Brown Todd LLP
bmcginley@fbtlaw.com

Anthony W. Overholt
Frost Brown Todd LLP
aoverholt@fbtlaw.com

Mathew Rayman
OFFICE OF CORPORATION COUNSEL
mathew.rayman2@indy.gov