UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IVY R. SISSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:22-cv-00514-JPH-MJD |
| | ) |
| BAKER Major, | ) |
| KERRY J. FORESTAL Sheriff, | ) |
| | ) |
| Defendants. | ) |

**ORDER GRANTING MOTION TO DISMISS**

Defendants Sheriff Kerry Forrestal and Major Baker move to dismiss this action for failure to prosecute by Plaintiff Ivy Sisson. For the reasons below, the motion, dkt. [132], is **GRANTED**.

**I. Background**

Mr. Sisson filed this action on March 17, 2022, while he was an inmate at the Marion County Jail. Dkt. 1. On November 8, 2023, Mr. Sisson was released from the Jail and he provided a new address to the Court. Dkt. 122. Defendants subsequently moved for summary judgment, dkt. 124, and Mr. Sisson did not respond to that motion. On August 13, 2024, it came to the Court's attention that Defendants had not filed a complete copy of Mr. Sisson's deposition in conjunction with their summary judgment motion, as required by the pretrial scheduling order, and the Court directed Defendants to file the complete deposition with the Court and to serve Mr. Sisson with a copy of it. Dkt. 130.

On October 14, 2024, Defendants moved to dismiss for failure to prosecute. First, Defendants inform the Court that their attempt to mail a copy

1

of Mr. Sisson's deposition to him was unsuccessful and it was returned to sender. Dkt. 132-2. Second, on June 11, 2024, Mr. Sisson was charged in state court with Level 6 felony escape/removing, disabling, or interfering with electronic monitoring or GPS. *State v. Sisson*, 49D27-2406-F6-016390. The probable cause affidavit for that case states that on November 30, 2023, a Sheriff's Deputy went to Mr. Sisson's last-reported address—the same address on file with the Court—and discovered that he had removed his GPS bracelet, which he was required to wear as a condition of his release from the Jail earlier in the month. Dkt. 132-1. Mr. Sisson was not at his residence. *Id.* Mr. Sisson also has outstanding arrest warrants in both the escape case and the kidnapping case for which he had been in the Jail, *State v. Sisson*, 49D27-2109-F3-029143, and a firearm charge, *State v. Sisson*, 49D27-2109-F4-030101. The Court takes judicial notice of the state court dockets and observes that the arrest warrants in the kidnapping and firearm cases have now been outstanding for almost a year.

Mr. Sisson has not timely responded to the motion to dismiss. *See* Local Rule 7-1(c)(2) (providing 21-day deadline to respond to motion to dismiss).

## II. Discussion

Dismissal for want of prosecution under Fed. R. Civ. P. 41(b) "is an extraordinarily harsh sanction that should be used only in extreme situations, when there is a clear record of delay or contumacious conduct, or where other less drastic sanctions have proven unavailing." *Gabriel v. Hamlin*, 514 F.3d 734, 736 (7th Cir. 2008). The Seventh Circuit considers the following factors to

determine whether dismissal is appropriate in a specific case: the frequency of the plaintiff's failure to comply with deadlines, whether these failures are attributable to the plaintiff or the plaintiff's counsel, the effect of the mistakes on the court's calendar, the prejudice the delays have caused to the defendants, the merit of the suit, and the consequences of dismissal for the social objectives that the litigation represents. *Kasalo v. Harris & Harris, Ltd.*, 656 F.3d 551 (7th Cir. 2011). Additionally, "although district courts must warn litigants before dismissing a case sua sponte, they need not do so when as here, the court is ruling on a motion filed by the opposing party. ...The motion itself is the warning." *Shaffer v. Lashbrook*, 962 F.3d 313, 316 (7th Cir. 2020).

Defendants have submitted evidence to the Court that Mr. Sisson has absconded from the address he provided to the Court a year ago and he currently is a fugitive from justice.[1] The Court has confirmed that evidence by reviewing the relevant state court dockets. Mr. Sisson has not responded to either the Defendants' summary judgment motion or the motion to dismiss. The Court clearly informed Mr. Sisson of the need to provide updated addresses to the Court at the outset of this case, dkt. 4, and he clearly was aware of that obligation when he provided the Court with an address when he left the Jail, dkt. 122. It is

---

[1] As Defendants note, the "fugitive disentitlement doctrine is a discretionary device by which courts may dismiss criminal appeals or civil actions by or against individuals who are fugitives from justice." *Gutierrez–Almazan v. Gonzales*, 453 F.3d 956, 957 (7th Cir. 2006) (citing *Sarlund v. Anderson*, 205 F.3d 973, 974 (7th Cir. 2000)). The Court need not rely directly on this doctrine here, but it weighs in favor of concluding that Mr. Sisson has abandoned this action.

clear that Mr. Sisson has abandoned this action and it is subject to dismissal for failure to prosecute.

### III. Conclusion

Defendants' motion to dismiss, dkt. [132], is **GRANTED**. This action is **dismissed with prejudice**. Defendants' motion for summary judgment, dkt. [124], is **terminated** as moot. Final judgment shall issue accordingly.

**SO ORDERED.**

Date: 11/14/2024

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

IVY R. SISSON
5930 Deerwood Ct
Indianapolis, IN 46254